**In the Matter of C.T. HARRIS, INC., Debtor.**

**No. 03–51863 RFH.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

July 11, 2003.

J. Robert Williamson, J. Ashley Reynolds, Scroggins & Williamson, Atlanta, Georgia, for Debtor.

Mark Roadarmel, Macon, Georgia, United States Trustee.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

C.T. Harris, Inc., Debtor, filed on April 29, 2003, its Motion for Order (1) Determining Adequate Assurance of Payment for Future Utility Services; and (2) Prohibiting Utility Companies and/or Certain Service Providers From Altering, Refusing or Discontinuing Service to Debtor.

Debtor's motion came on for a hearing on May 1 and 19, 2003. Mark Roadarmel, Assistant United States Trustee, made an oral objection to Debtor's motion. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on April 25, 2003. Debtor has offices in a number of locations. Some twenty utility companies provide service to Debtor's offices.

Debtor, in its motion, moves the Court for an order determining that "(i) the Debtor's current liquidity is sufficient to provide adequate assurance of payment, and (ii) no Utility Company may alter, refuse or discontinue providing service to the Debtor without obtaining prior approval of the Court."

Debtor served its motion on the utility companies and on a number of other parties in interest. No utility company appeared at the hearing or otherwise objected to Debtor's motion. No party in interest objects to Debtor's motion.

The Assistant United States Trustee objects to Debtor's motion. The Assistant United States Trustee argues that part of the relief sought in Debtor's motion is not provided for by the Bankruptcy Code. The Assistant United States Trustee argues that requiring a utility company, after the initial twenty days of a Chapter 11 case, to obtain court approval prior to terminating service is contrary to the provisions of section 366(b) of the Bankruptcy Code.[1] Section 366 provides:

### § 366. Utility service

(a) Except as provided in subsection (b) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order of relief was not paid when due.

(b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

Debtor offers its current liquidity as adequate assurance of payment. Debtor also has in place a debtor in possession financing agreement. Under the provisions of the Bankruptcy Code, the utility companies have an administrative expense priority for service supplied to the Debtor during the Chapter 11 reorganization. 11 U.S.C.A. § 503(b)(1)(A)(West Supp.2003). The legislative history of section 366 provides, in part:

If an estate is sufficiently liquid, the guarantee of an administrative expense priority may constitute ade-

---

1.   11 U.S.C.A § 366 (West 1993).

quate assurance of payment for future services. It will not be necessary to have a deposit in every case. (HR Rep No. 595, 95th Cong, 1st Sess 350 (1977), U.S.Code Cong. & Admin.News 1978, 5963, 6306)

■ Debtor's motion put its utility companies on notice of Debtor's offer of adequate assurance of payment. No utility company appeared at the hearing or otherwise objected to Debtor's motion. Accordingly, the Court is persuaded that Debtor's offer is adequate assurance of payment.

Section 366(b) does not specify the procedure a utility must follow when terminating service after the initial twenty days of a Chapter 11 case. *Robinson v. Michigan Consolidated Gas Co.* 918 F.2d 579 (6th Cir.1990).

■ "The provision of adequate assurance does not prevent a utility from terminating service to the debtor or the estate if postpetition payments for utility services are not made. Such a termination must follow the procedures prescribed under nonbankruptcy law for utility terminations, which may include various protections for the debtor or for tenants of the debtor." 3

*Collier on Bankruptcy* ¶ 366.03, p. 366–6 (15th ed. rev.2003).

A debtor in possession must manage and operate its business in accordance with the requirements of state law. 28 U.S.C.A. § 959(b) (West 1993).

Simply stated, a debtor in possession is entitled to the protections and requirements of state law which provides the procedure which must be followed by a utility company to terminate service.

■ Debtor has not cited any authority in support of its motion in which it asks the Court to require its utility companies to obtain Court approval prior to terminating service. The Court, therefore, must decline to grant this part of Debtor's motion.

An order in accordance with this memorandum opinion will be entered this date.